# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3138

_____

| | | |
|---|---|---|
| John M. Jeffords, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota |
| Jo Anne B. Barnhart, Commissioner of | * | |
| Social Security; Brent Jackson, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: September 21, 2005
Filed: October 10, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

John M. Jeffords appeals from the final judgment entered in the District Court[1] for the District of South Dakota affirming the denial of his request that his disabled child's benefits be paid directly to him, not through a representative payee. For reversal, Jeffords asserts that he is able to manage his benefit payments because his

_____

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota, adopting the report and recommendations of the Honorable John E. Simko, United States Magistrate Judge for the District of South Dakota.

disability has healed. For the reasons discussed below, we affirm the judgment of the district court.

The Social Security Administration (SSA) will make direct payments to a beneficiary if the beneficiary shows that he is mentally and physically able to manage, or direct the management of, benefit payments. See 20 C.F.R. § 416.655 (2005). To support a request for direct payment, a beneficiary may provide a physician's statement or other evidence, showing that the beneficiary is able to manage or direct the management of his funds. See id.

Other than Jeffords's unsupported assertions, we find no evidence in the record that Jeffords is mentally and physically able to manage his benefit payments. Rather, the evidence reflects the opposite: for example, his treating physician refused to certify that Jeffords could manage his own affairs; his representative payee did not consider Jeffords capable of managing his affairs because he desired to spend more money than he had and frequently pawned items; he accrued credit card debt and had two credit cards cancelled; and he threatened SSA employees and was arrested for an encounter with a previous representative payee. Thus, we conclude the Administrative Law Judge's decision to deny Jeffords's request for direct payment is supported by substantial evidence. See Neal v. Barnhart, 405 F.3d 685, 688 (8th Cir. 2005) (standard of review).

Accordingly, we affirm.

_____